47 F.3d 1181
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Arthur W. WOODMANSEE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3314.
 United States Court of Appeals, Federal Circuit.
 Jan. 11, 1995.
 
 Before LOURIE, RADER and BRYSON, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Arthur Woodmansee petitions for review of a decision of the Merit Systems Protection Board (Board), Docket No. SF831M930825I-1, which affirmed the decision of the Office of Personnel Management (OPM) denying Woodmansee's request for reconsideration of a finding that his father had received an overpayment of civil service retirement benefits. We affirm.
 
 DISCUSSION
 
 2
 Arthur Woodmansee, Sr., a retired federal employee, died in 1978. At the time of his death, he was receiving civil service annuity benefits, which OPM erroneously continued paying until 1982. In early 1983, OPM wrote to the retiree's son, petitioner Arthur Woodmansee, advising him of the overpayment and seeking repayment of $43,369.80. Woodmansee did not reply to that communication, nor did he reply to a January 1985 letter in which the agency restated its request for repayment. He did not communicate with OPM at all regarding the notices of overpayment until late 1986, and he did not request reconsideration of the overpayment assessment until November 13, 1989.
 
 
 3
 OPM thereafter advised Woodmansee that it was affirming its initial decision regarding the overpayment. OPM explained that the retiree's checks should have been returned and that the retiree's widow had made no application for benefits and therefore was not entitled to any annuity based on her husband's service. OPM further explained that because Woodmansee's request for reconsideration of the 1983 overpayment notification was untimely, and because Woodmansee had not provided a sufficient basis for an extension of time to file a request for reconsideration, the request for reconsideration would be dismissed for untimeliness.
 
 
 4
 The Board affirmed. It concluded that OPM had acted reasonably in denying Woodmansee's request for reconsideration on timeliness grounds, as he had failed to satisfy his burden of showing (1) that he was not notified or otherwise aware of the time limit for filing his request for reconsideration, or (2) that he was prevented by circumstances beyond his control from filing the request within the time limit. See 5 C.F.R. Sec. 831.1304(b) (1994).
 
 
 5
 Before OPM and the Board, Woodmansee did not deny that he had received the OPM overpayment notices in 1983 and 1985. Rather, he explained that he had failed to respond to those notices on a timely basis because he "used to travel extensively and probably could not respond sooner." As the Board noted, Woodmansee's general assertion that he was traveling extensively is not a compelling excuse for a several-year delay in responding to OPM's overpayment notice. In light of the record before it, the Board was justified in concluding that OPM did not act unreasonably when it denied Woodmansee's request for an extension of time to file his request for reconsideration of the overpayment assessment.